UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **WILFORD SIMMONS** | **CIVIL ACTION NO. 07-1181** |
| **VS.** | **SECTION P** |
| **WARDEN TERRY TERRELL** | **JUDGE DOHERTY** |
| | **MAGISTRATE JUDGE HILL** |

REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed on July 13, 2007 pursuant to 28 U.S.C. §2254 by *pro se* petitioner Wilford Simmons. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Allen Correctional Center in Kinder, Louisiana where he is serving a twenty-five year sentence imposed following his May 22, 2002 conviction for attempted manslaughter and his subsequent adjudication as an habitual offender.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE.**

*Background*

The record before this court and the Third Circuit's opinion on direct appeal reveal that petitioner was charged with the October 20, 1999 attempted first degree murder of

his ten year old stepson, Demetrius Nash, whose father is Gerald Williams.[1]  On the date of the offense, Demetrius Nash testified that petitioner approached him as he was walking home from the school bus, took him behind the Habibi Temple to find out where Williams lived, and then choked him using his (Demetrius') belt until he passed out. When Demetrius awake, the lower half of his body was in English Bayou.  During the course of the trial, petitioner's estranged wife, Joyce Marie Nash, testified that she and petitioner had a sixteen year relationship, that they were married on November 15, 1997, and that petitioner was the biological father of one of her four children, Latoya Nash, who was 16 years old at the time of the trial.  In November, 2004, Ms. Nash filed for divorce.

On May 22, 2002, petitioner was convicted of the attempted manslaughter of his stepson, Demetrius Nash, following a trial in the Fourteenth Judicial District Court for Calcasieu Parish Louisiana.  Following his conviction, petitioner was adjudicated an habitual offender and sentenced to serve 25-years in the custody of Louisiana's Department of Public Safety and Corrections.

Petitioner's conviction, adjudication and sentence were affirmed on March 5, 2003 in an unpublished opinion of the Third Circuit Court of Appeals. *State of Louisiana v. Wilford Simmons*, 2002-1266 (La. App. 3 Cir. 3/5/2003), 841 So.2d 104 (Table).[2]  In

---

[1] Petitioner was initially charged by bill of information with one count of attempted second degree murder, however, by amended bill of information, petitioner was charged with attempted first degree murder.

[2] Petitioner did not submit a copy of the Third Circuit's opinion on direct appeal for this court's review. Accordingly, the undersigned obtained a copy directly from the Clerk of that court.  The opinion is attached hereto as Exhibit "A".

rejecting petitioner's claim that there was insufficient evidence to support petitioner's conviction, the Third Circuit found that there was insufficient evidence of provocation by the victim, Demetrius Nash, to deprive petitioner of his cool reflection, an element necessary to support an attempted manslaughter conviction. However, court found that the jury's verdict of attempted manslaughter could be upheld as a compromise verdict as long as the evidence was sufficient to support the original charge, attempted first degree murder. Based on the testimony of Demetrius Nash and Nash's birth certificate verifying that he was ten years old at the time of the offense, the court found that there was sufficient evidence to support the crime of attempted first degree murder. More specifically, based on the testimony of Demetrius Nash cited extensively in the opinion, the court found the elements necessary to support attempted first degree murder as follows:

> The jury could have inferred ... that the defendant had the specific intent to kill D.N. [Demetrius Nash] and that the defendant committed an overt act tending toward the accomplishment of that goal. The defendant met D.N. [Demetrius Nash], brought him to a secluded area where he choked D.N. [Demetrius Nash] with his hands and D.N. [Demetrius Nash's] belt, and continued choking D.N. [Demetrius Nash], even after D.N. [Demetrius Nash] told the defendant where his father lived.

Thus, petitioner's conviction was affirmed.

Petitioner's request for discretionary review in the Louisiana Supreme Court was denied on March 11, 2005. *State of Louisiana ex rel. Wilford Simmons v. State of*

*Louisiana*, 2004-1026 (La. 3/11/2005), 896 So.2d 58.[3]

Petitioner apparently filed a "Motion to Enforce Order" in the Fourteenth Judicial District Court.  Thereafter, on August 15, 2003 petitioner filed a petition for *mandamus* in the Third Circuit Court of Appeals requesting an order directing the district court to act on his motion. On September 30, 2003 the Third Circuit denied petitioner's request for writs as moot, finding that the District Court had ruled on petitioner's motion on August 11, 2003. *State of Louisiana v. Wilford Simmons*, No. KH 03-01094 (La. App. 3 Cir. 9/30/2003).

On August 26, 2005, petitioner filed a *pro se* Motion for Forensic DNA Testing in the Fourteenth Judicial District Court.  The pleading was purportedly filed in accordance with the provisions of La. C.Cr.P. art. 926.1, which provides for DNA testing of samples secured in relation to the offense of conviction to establish the innocence of the petitioner.  However, contrary to the statutory requirements,  by the Motion, petitioner sought court ordered DNA testing, not on samples previously secured in relation to his criminal conviction to prove his innocence of the attempted manslaughter of Demetrius Nash, but rather to prove that he is not the biological father of Joyce M. Nash's child, Latoya Nash, as Joyce Nash stated at trial.  In his Motion, petitioner alleged  "Defendant states that he is not basing this request for forensic DNA testing to be conducted concerning the alleged criminal offense in which he is presently incarcerated for.

---

[3] The Louisiana Supreme Court's 2004 docket number suggests that petitioner's writ application was untimely filed.  Petitioner has not provided a copy of this pleading for this court's review.

Defendant is trying to prove perjury against one of the state witnesses concerning a child in which she (Ms. Joyce Nash) proclaims belongs to the defendant. This DNA testing will exonerate him as being the child's biological father; as well as prove that this witness had lied while under the oath testifying against the defendant. This would make the witness testimony very much questionable ...." Petitioner thus prayed for an order directing "all persons in charge of such matters, and conduct a test of any material relative to DNA ...."

At the conclusion of a December 2, 2005 hearing on petitioner's Motion, the trial court denied relief, stating his reasons for denial on the record. Petitioner has not provided a copy of the transcript for this court's review.

Petitioner apparently also filed an application for post-conviction relief on April 11, 2005. Thereafter, he filed a *pro se* petition for writ of mandamus in the Third Circuit in which he alleged that the trial court had taken no action on his pleading. On January 18, 2006, the Third Circuit denied relief because "Relator did not provide this court with a copy of the Post Conviction Relief that he alleges he filed with the trial court ...." *State of Louisiana v. Wilford Simmons*, KH 05-01626 (La. App. 3 Cir. 1/18/2005).

On April 25, 2006, the trial court denied petitioner's application for post-conviction relief finding "that particular claims of the Petitioner, even if proved, would not entitle the petitioner to relief ...." While petitioner did not provide this court with a copy of his post-conviction application, from his subsequent filings, it appears that in his application petitioner again sought DNA testing to disprove that he is the biological father of Latoya Nash.

On May 11, 2006, petitioner filed a Notice of Intent to Appeal in which he sought to appeal the denial of both his motion for DNA testing and his application for post-conviction relief. In his Notice, petitioner complained that the trial court erred in not ordering "a DNA test to examine petitioner's claims." He also requested a copy of the December 2, 2005 hearing transcript. By order dated May 19, 2006, the trial court ordered petitioner to submit his writ application to the Third Circuit on or before July 20, 2006.

On July 19, 2006, petitioner submitted his writ application to the Third Circuit. Petitioner's sole assignment of error was that "the district court erred by denying petitioner's motion for forensic DNA testing."

On August 15, 2006, the Third Circuit held that petitioner's writ application was deficient because the application did not comply with Uniform Rules – Courts of Appeal, Rule 4 and La. Code Crim.P. art. 912.1, as the application did not contain a certificate of service, and affidavit of correctness, a copy of the judgment or reasons for judgment, a copy of the pleading on which the judgment was based, or a copy of the transcript of the December, 2005 hearing.[4] *State of Louisiana v. Wilford Simmons*, No. KH 06-00966 (La. App. 3 Cir. 8/15/2006).

---

[4] Rule 4-5 mandates that a writ application "shall contain an affidavit verifying ...a copy has been delivered or mailed to the respondent judge and to opposing counsel ... a copy of the judgment, order, or ruling complained of ... a copy of the judge's reasons for judgment , order, or ruling (if written) ... a copy of each pleading on which the judgment, order, or ruling was founded ... a copy of pertinent court minutes; and ... the notice of intent and return date order ...." La. C.Cr.P. art. 912.1(C)(1) provides in part, "In all other cases not otherwise provided by law, the defendant has the right of judicial review by application to the court of appeal for a writ of review. This application shall be accompanied by a complete record of all evidence upon which the judgment is based unless the defendant intelligently waives the right to cause all or any portion of the record to accompany the application."

6

Without correcting the deficiency found by the Third Circuit, on August 31, 2006 petitioner submitted a writ application to the Louisiana Supreme Court. He presented a single issue: "Whether the district court should have granted the motion for forensic DNA testing to be conducted under Louisiana Code Criminal Procedure 926.1." In support of his argument petitioner alleged, "Petitioner states that the Request for Forensic DNA Testing to be conducted in this case was not based on the alleged criminal offense for which he was convicted of be a guilty plea.   Petitioner is trying to prove perjury against one of the State Witnesses (Ms. Joyce M. Nash). For she had testified that she had a child in which belongs to the petitioner. This Forensic DNA Test will exonerate Petitioner as [being] the biological father, as well as prove that this state witness (Ms. Joyce M. Nash) had committed the criminal offense of perjury while she was under the Oath a violation of R.S.14:123. Whereas this would make this witness testimony very much questionable ...." Petitioner asked only that the Supreme Court "grant him a forensic DNA test in order to prove that the State Witness (Ms. Joyce M. Nash) had committed the criminal offense of perjury."

The Louisiana Supreme Court denied petitioner's request for discretionary review on June 15, 2007 without comment. *State of Louisiana ex rel. Wilford Simmons v. State of Louisiana*, 2006-2373 (La. 6/15/2007), 958 So.2d 1184.

The instant petition for federal *habeas corpus* relief was filed on July 13, 2007. The petitioner argues three claims for relief herein:

(1) "The trial court violated my 6th and 14th Amendment by allowing one (1) witness to testify in open court without having evidence to support the allegation."  In support of this claim petitioner alleges, "If the trial court would have conducted a DNA test they would have found that the state witness (Ms. Joyce M. Nash) was lying concerning the daughter Latoya M. Nash .... Furthermore, if the trial court counsel ... would have performed his duties the trial court would have found this witness testimony unreliable."

(2) "The trial court should have granted the defendants' motion for Forensic DNA Testing on the grounds presented." In support of his second claim petitioner argues, "Defendant is trying to prove perjury against one (1) of the States witnesses (Ms. Joyce M. Nash).  For she had testified that she had a child ... which belong to the Defendant. This Forensic DNA test will exonerate defendant as ... the biological father as well as prove that this witness had committed the criminal offense of perjury .... Whereas this would make the witness ...  testimony very much unreliable ...."

(3) "Whether the trial court along with the appeals court, and the Supreme Court was in violation of the law by their arbitrary rulings."  In support of this claim petitioner alleges, "Defendant states that the request was not filed to rebuttal the charge in which the jury had found him guilty.... The DNA test request is very much relevant to defendants' whereas his 6th and 14th Amendment has been violated ... concerning [L.C.Cr.P. art. 926.1] . This test would have proven that Ms. Joyce M. Nash had committed perjury while under oath testifying against the Defendant ...."

*Law and Analysis*

Petitioner filed the instant suit pursuant to the provisions of 28 U.S.C. § 2254 which provides in pertinent part: "a district court shall entertain an application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a).  It is clear that from both the statutory language and the common-law history of the writ that "*habeas corpus* is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).  "A federal court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68, 112 S.Ct. 475, 480 (1991).

Rule 4 of the Rules Governing § 2254 Cases authorizes the district court to examine and dismiss non-meritorious and frivolous *habeas corpus* petitioners. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir.1999).  A *habeas corpus* petition is without merit if it fails to allege that the petitioner is being held in custody in violation of the Constitution or laws of the United States, or if it raises claims that are factually frivolous. *See, e.g.*, *Dellenbach v. Hanks*, 76 F.3d 820, 822 (7th Cir.1996) (noting that despite similarities between Rule 4 and Rule 12(b)(6) of the Federal Rules of Civil Procedure, a *habeas* petition must cross some "threshold of plausibility" before requiring state to answer, and

not merely allege facts that if proved would establish petitioner's entitlement to relief; thus a judge may dismiss a petition which "seems extremely unlikely to have any merit" under Rule 4); *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir.1993) (recognizing Rule 4 dismissal is appropriate if a petition fails to state a claim because the allegations fail to demonstrate the petitioner is in custody in violation of the Constitution or is factually frivolous). Thus, in order to avoid summary dismissal under Rule 4, a *habeas* petitioner must allege facts which "point to a 'real possibility of constitutional error.'" Rule 4, Rules Governing § 2254 Cases, Advisory committee note. Finally, it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer. *Kiser*, 163 F.3d at 328.

Initially, the undersigned notes that throughout his post-conviction proceedings in both this and the Louisiana courts, petitioner does not challenge his *conviction or sentence* as in violation of the United States Constitution, nor does petitioner seek his immediate release from custody. Instead, the focus of his pleadings is to disavow paternity of a child, Latoya Nash, and to thus discredit the testimony of his ex-wife on this issue. Petitioner repeatedly asserts that his request for DNA testing is "not filed to rebut[] the charge in which the jury had found him guilty", but that he is "trying to prove perjury against ... Ms. Joyce M. Nash" to "exonerate defendant as ... the biological father" of Latoya Nash. Indeed, petitioner candidly admits in bold faced type "Defendant further points out that he is NOT TRYING TO ARGUE THE CONVICTION NOR THE

10

SENTENCE. HE IS PRESENTING THE CLAIMS TO PROVE THAT THE STATE WITNESS HAD IN FACT BROKEN THE LAW." [rec. doc. 1-1, pp. 9-10]. This deficiency is fatal to his request for federal *habeas corpus* relief, petitioner's passing reference to the Sixth and Fourteenth Amendments notwithstanding. Because petitioner does not attack the legality of the conviction for which he is in custody and does not seek to secure his release from illegal custody, the instant petition is without merit and subject to dismissal pursuant to Rule 4. *See Preiser ,*and *Estelle, supra.*

Furthermore, to the extent that petitioner has properly claimed that his conviction has been obtained in violation of his right to due process or his right to effective assistance of counsel, those claims fail on the merits.[5]

In order to obtain federal *habeas corpus* relief on grounds of trial error, the petitioner must show more than prejudice to his substantial rights. *Kirkpatrick v. Blackburn,* 777 F.2d 272, 279 (5th Cir.1985). The petitioner must establish that the trial error was not merely an abuse of discretion, but also was so grave as to amount to denial of his constitutional right to due process, that is, that the error rendered the trial

---

[5] It is clear that petitioner has not properly exhausted either of these claims in the Louisiana state courts and that these claims are procedurally defaulted. There is no mention of any Constitutional violation in petitioner's original Motion for Forensic DNA testing. Thus, the claims were never properly exhausted by proper presentation to all levels of the Louisiana courts. Moreover, the Third Circuit was never given an opportunity to review petitioner's claims on the merits, as petitioner failed to abide by that court's procedural rules for proper presentation of claims. His claims were rejected on procedural grounds, namely FRAP Rule 4 and L.C.Cr.P. art. 912.1. As such, the claims were not properly presented to the Louisiana Supreme Court without first correcting this deficiency. Because the time for proper presentation of these claims has passed, these claims are "technically" procedurally defaulted. Moreover, since the last state court to review the claims rested its judgement on procedural grounds, petitioner's claims are"traditionally" procedurally barred. *See Thomas v. Cain*, 2007 WL 2874778, *6-10 (W.D.La. 2007) (and cases cited therein).

11

fundamentally unfair. *Id.* A trial is fundamentally unfair only when there is a reasonable probability that the verdict might have been different had the trial been properly conducted. *Id.*

To prevail on an ineffective assistance of counsel claim, a petitioner must establish that (1) his attorney's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed. 2d 674 (1984). Petitioner must satisfy both prongs of *Strickland,* demonstrating both that counsel's performance was deficient and that the deficiency prejudiced the defense. *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999); *Green v. Johnson,* 160 F.3d 1029, 1035-36 (5th Cir. 1998). Prejudice must be affirmatively proven, not merely alleged. *Deville v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994); *Mangum v. Hargett*, 67 F.3d 80, 84 (5th Cir. 1995); *Earhart v. Johnson*, 132 F.3d 1062, 1066 (5th Cir. 1998). Self serving conclusory statements that the outcome would have been different "fall far short of satisfying *Strickland'*s prejudice element." *Sayre*, 238 F.3d at 635. Because both *Strickland* factors, that of deficient performance and prejudice, must be satisfied, "an ineffective assistance contention may be rejected on an insufficient showing of prejudice, without inquiry into the adequacy of counsel's performance." *Strickland,* 466 U.S. at 689-94.

It is undisputed that petitioner is in custody for the attempted manslaughter of Demetrius Nash.  Given the Third Circuit's opinion on direct appeal, it is equally beyond dispute that petitioner's conviction was based on the testimony of the victim, Demetrius Nash, who testified at trial that on October 20, 1999, as he was walking home from school, petitioner took him to secluded location, choked him until he was unconscious and then left him in a bayou where he later awoke.  Demetrius Nash's testimony in and of itself was sufficient to establish all elements necessary to convict petitioner, with the exception of his age at the time of the offense which was unequivocally proven via admission of Nash's birth certificate.  Whether or not Latoya Nash is in fact petitioner's child, and whether Joyce Nash believes, correctly or incorrectly, that petitioner is the father of her child are clearly not material to petitioner's guilt on the crime of conviction.

Accordingly, petitioner cannot demonstrate any prejudice as a result of any alleged deficiency by his counsel, nor can he demonstrate that the admission of this allegedly untruthful testimony rendered his trial fundamentally unfair.  Because there is no "reasonable probability that, but for counsel's deficient performance, the outcome of the proceedings would have been different" and because there is no "a reasonable probability that the verdict might have been different had the trial been properly conducted", petitioner is not entitled to federal *habeas corpus* relief on grounds that he was denied either his rights under the Sixth or Fourteenth Amendments.  *See Strickland* and *Kirkpatrick, supra*.  Accordingly;

**IT IS RECOMMENDED** that the instant petition for writ of *habeas corpus* be **DENIED** and **DISMISSED WITH PREJUDICE** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, April 23, 2008.

*[signature: C. Michael Hill]*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

14